## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NAKYRA WESTERFIELD,** | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO: 2:21-cv-2403** |
| | * | |
| **VERSUS** | * | |
| | * | |
| **RACETRAC PETROLEUM, INC.,** | * | |
| **Defendant.** | * | |
| | * | |

---

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant, RaceTrac, Inc. (f/k/a RaceTrac Petroleum, Inc.) ("Defendant" or "RaceTrac"), which, pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully files this Notice of Removal on the following grounds:

1.

On or about November 23, 2021, Plaintiff Nakyra Westerfield filed this action in the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana, under the caption *Nakyra Westerfield v. RaceTrac Petroleum, Inc.*, bearing docket Number 823-100 and pending in Division "C."  A copy of the original petition is attached to the Notice of Removal as **Exhibit A**.

2.

RaceTrac was served with the Petition, through its agent for service of process, on or about December 2, 2021. Defendant first ascertained that the case is one that is removable to federal court following a telephone conversation between counsel for Plaintiff, Matthew D. Hemmer, and counsel for RaceTrac, Tom Easterly, Taylor Porter. Therefore, this Notice of Removal is being timely filed within thirty (30) days after receipt of information from which it was first ascertained that the case is one that is removable to federal court.

3.

Furthermore, this suit is being removed less than one (1) year after the commencement of this action in state court pursuant to 28 U.S.C. § 1446(c).

4.

Pursuant to 28 U.S.C. §1441(a), removal venue is appropriate as the United States District Court for the Eastern District of Louisiana is the district within which the above-described state court action is pending.

5.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, because the real parties in interest are citizens of different states and the amount in controversy, though genuinely disputed, exceeds seventy-five thousand dollars and 0/100 ($75,000.00), exclusive of costs and interest.

**DIVERSITY OF CITIZENSHIP**

6.

Plaintiff Nakyra Westerfield is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

7.

Defendant RaceTrac, Inc. is a Georgia corporation with its principal place of business in the State of Georgia.

8.

Based on the foregoing, Plaintiff is a citizen of Louisiana, and Defendant is a citizen of Georgia.  Thus, there is complete diversity of citizenship between the parties.

2713530v.1

## AMOUNT IN CONTROVERSY

9.

Plaintiff's Petition for Damages does not state a demand for a specific amount of damages, but alleges that Plaintiff sustained injuries to her mind and body in connection with a slip and fall at RaceTrac's convenience store located in Gretna, Louisiana.

10.

In cases where the petition does not allege a specific amount of damages, the removing defendant need only demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). In *Allen v. R&H Oil & Gas Co.*, the United States Court of Appeals for the Fifth Circuit articulated two ways by which a removing party may make this showing where the plaintiff's petition fails to specifically allege the amount in controversy. 63 F.3d 1326 (5th Cir. 1995). The district court may conclude that removal is proper if it is "facially apparent" that the claims are likely above the $75,000 diversity jurisdiction threshold, or, where it is not facially apparent, the removing attorney may support federal jurisdiction by setting forth the facts in controversy that support a finding of the requisite amount by affidavit. *Id*. at 1335 (citing *Garza v. Bettcher Indus. Inc.*, 752 F.Supp. 753, 763 (E.D. Mich. 1990)).

11.

In this case, it is not facially apparent from the Petition that the amount in controversy exceeds the $75,000 diversity jurisdiction threshold. Plaintiff alleges non-specific injuries to her "body and mind" resulting from her March 23, 2021 slip and fall at RaceTrac's convenience store, namely "injuries to her right lower extremity[.]"[1] Plaintiff further alleges that she is entitled to

---

[1] R. Doc. 1-1 at 3.

general and special damages for (1) past and future mental anguish and physical suffering, (2) past and future enjoyment of life, (3) past and future expenses for medical care, and (4) loss of income and earning capacity.[2] Lastly, Plaintiff alleges "that her damages exceed $50,000[.]"[3] These allegations, alone, do not demonstrate an amount in controversy in excess of $75,000.

12.

In an effort to conduct a good faith investigation as to the amount in controversy prior to removal, counsel for Defendant, Tom Easterly ("Defense Counsel"), contacted counsel for Plaintiff, Matthew D. Hemmer ("Plaintiff's Counsel"), by telephone on December 14, 2021. During the call, Plaintiff's Counsel advised that Plaintiff sustained significant injuries to her knee and that Dr. Phillips with Kenner Orthopedics recommended Plaintiff undergo knee surgery related to her injuries. Plaintiff's Counsel also stated that Plaintiff had a significant wage loss claim. In light of Plaintiff Counsel's representations regarding the scope of Plaintiff's injuries and related claims and the surgery recommendation, Defense Counsel explained that removal was appropriate. In fact, Defense Counsel requested that Plaintiff enter a stipulation confirming her damages did <u>not</u> exceed $75,000, but, significantly, Plaintiff's Counsel rejected this request and declined to stipulate to Plaintiff's damages. *See* Affidavit of Defense Counsel, Tom Easterly attached as **Exhibit B**.

13.

As a result of Plaintiff Counsel's representations made to Defense Counsel on December 14, 2021, relative to the scope of Plaintiff's knee injuries, the pending surgery recommendation, the significant wage loss claim (all of which are denied but accepted as true purely for the purposes

---

[2] *Id*. at 3-4.

[3] *Id.* at 4.

of this removal), and, most importantly, Plaintiff and Plaintiff Counsel's refusal to enter a stipulation that Plaintiff's damages do not exceed $75,000, RaceTrac avers that the amount in controversy in the above-titled action, exclusive of interest and costs, exceeds the jurisdictional amount of $75,000.00 set forth in 28 U.S.C. §1332 and incorporated in 28 U.S.C. §1441(a) which allows removal of a state court action to federal court.

14.

Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, orders, and other filings in the state court record and/or served upon, or otherwise provided to Defendant prior to the filing of this removal are attached as **Exhibit C**.

15.

Contemporaneous with the filing of this Notice of Removal, Defendant has given the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana, written notice of removal, a copy of which is attached hereto as **Exhibit D**.

16.

In addition, contemporaneous with the filing of this Notice of Removal, Defendant is providing all adverse parties, including Plaintiff through her Counsel, written notice of removal, a copy of which is attached hereto as **Exhibit E**.

17.

Defendant reserves the right to supplement this Notice of Removal.

**WHEREFORE**, Defendant, RaceTrac, Inc. prays that this Notice of Removal be accepted by this Honorable Court as good and sufficient and that the above-described civil action be removed from the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana, to this Court for trial and determination as provided by law; that this Court enter such orders and issue such process as may be necessary and proper to bring before it all copies of all records and proceedings presently pending in the aforementioned state court and thereupon proceed with the

2713530v.1

civil action as if originally commenced in this Court; and for all necessary and appropriate orders and decrees in accordance with applicable law.

Respectfully submitted,

**TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P**

_s/ Shannon A. Shelton_
Tom Easterly, La. Bar No. 30488 (T.A.)
Shannon A. Shelton, La. Bar No. 34762
450 Laurel Street, 8th Floor
P.O. Box 2471 (70821-2471)
Baton Rouge, Louisiana 70801
Telephone: (225) 387-3221
Facsimile: (225) 346-8049
Email: tom.easterly@taylorporter.com
Email: shannon.shelton@taylorporter.com

***Counsel for RaceTrac Petroleum, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify on December 30, 2021, a true and correct copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF filing system. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system and via United States mail and electronic mail to those not provided a copy through the CM/ECF filing system.

_s/ Shannon A. Shelton_
Shannon A. Shelton

2713530v.1