

# CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

RACETRAC PETROLEUM, INC.
Dale Marshall Contract & Corporate Governance Manager
RaceTrac
200 Galleria Parkway SE, Suite 900
Atlanta GA 30339

12/06/2021

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Item: 2021-443

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1.  | Entity Served: | RACETRAC PETROLEUM, INC. |
|---|---|---|
| 2.  | Title of Action: | Nakyra Westerfield vs. Racetrac Petroleum Inc |
| 3.  | Document(s) Served: | Citation: Petition for Damages; Requests for Admissions Interrogatories and Requests for Production of Documents<br>Petition for Damages<br>Requests for Admissions, Interrogatories, and Requests for Production of Documents |
| 4.  | Court/Agency: | Parish of Jefferson 24th Judicial District Court |
| 5.  | State Served: | Louisiana |
| 6.  | Case Number: | 823-100 |
| 7.  | Case Type: | Damages / Negligence / Injuries |
| 8.  | Method of Service: | Hand Delivered |
| 9.  | Date Received: | Friday 12/03/2021 |
| 10. | Date to Client: | Monday 12/06/2021 |
| 11. | # Days When Answer Due:<br>Answer Due Date: | 15<br>Saturday 12/18/2021 — CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender:<br>(Name, City, State, and Phone Number) | Morris Bart, LLC<br>New Orleans, LA<br>504-525-8000 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: |  |
| 15. | Handled By: | 191 |
| 16. | Notes: |  |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

801 US Highway 1 North Palm Beach, FL 33408  Tel: (561) 694-8107  Fax: (561) 694-1639
www.CorporateCreations.com

Exhibit C

(101) CITATION: PETITION FOR DAMAGES; REQUESTS FOR
ADMISSIONS INTERROGATORIES AND REQUESTS FOR PRODUCTION    211129-9717-2
OF DOCUMENTS

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

NAKYRA WESTERFIELD
versus
RACETRAC PETROLEUM INC

Case: 823-100    Div: "C"
P 1 NAKYRA WESTERFIELD

To: RACETRAC PETROLEUM INC
THROUGH ITS REGISTERED AGENT:
CORPORATE CREATIONS LOUISIANA LLC
3350 RIDGELAKE DRIVE #200
METAIRIE LA 70002

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN (15) CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney MATTHEW D. HEMMER and was issued by the Clerk of Court on the 29th day of November, 2021.

/s/ Karen F Mcevers
Karen F Mcevers, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES; REQUESTS FOR
ADMISSIONS INTERROGATORIES AND REQUESTS FOR PRODUCTION    211129-9717-2
OF DOCUMENTS

Received:_____ Served:_____ Returned:_____

Service was made:
___ Personal         ___ Domiciliary_____

Unable to serve:
___ Not at this address    ___ Numerous attempts _____ times
___ Vacant                 ___ Received too late to serve
___ Moved                  ___ No longer works at this address
___ No such address        ___ Need apartment / building number
___ Other_____

Service: $_____  Mileage: $_____  Total: $_____

Completed by:_____ # _____
                   Deputy Sheriff
Parish of: _____

Exhibit C

Pl. 835

## 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO. 823.100

DIVISION 

**NAKYRA WESTERFIELD**

**VERSUS**

**RACETRAC PETROLEUM, INC.**

FILED: _____       _____
                                                                    **DEPUTY CLERK**

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, Nakyra Westerfield, a person of the full age of majority and a resident of the Parish of Orleans, State of Louisiana, who, with respect, shows the Court as follows:

I.

Made party defendant herein is: Racetrac Petroleum, Inc. a for-profit corporation organized under the laws of the State of Georgia, with its principal place of business in the City of Atlanta, State of Georgia, that, for all relevant times, conducted systematic and continuous business within the Parish of Jefferson, State of Louisiana. That said Defendant is liable to the Plaintiff for the following:

II.

At all relevant times herein, the Defendants owned, controlled, managed, maintained, and exerted custody and garde over immovable property located at 1625 Lafayette Street, Gretna, Louisiana 70053, where they operated a gas station and store open to the general public commonly known as "RaceTrac" (henceforth the "Premises").

III.

Defendant, by virtue of its control over the Premises and business conducted thereon, owed a duty of care to maintain the Premises in a reasonably safe condition. Specifically included in this general duty of care were obligations to:


11/29/2021 12:27:28 CERTIFIED TRUE COPY - Pg:1 of 4 - Jefferson Parish Clerk of Court - ID:21158870

Exhibit C

A. Take reasonable precautions to ensure that the Premises were free from conditions that foreseeably created a slippery walking surface and presented an unreasonably dangerous condition;

B. Inspect the Premises to ensure that the floors are not unreasonably slippery;

C. Provide dry mats at the entryway to the Premises, particularly when the Defendant knew or should have known that it was raining outside and failure to provide dry mats would create a slipping hazard;

D. Maintain the condition of the floors in a reasonably dry and safe condition to prevent slipping hazards that the Defendant knew, or through the exercise of reasonable care should have known, created a risk of harm;

E. Sufficiently warn persons of slipping hazards existing at the Premises;

F. Properly dry the area to prevent wetness from accumulating on the floor and creating a slipping hazard;

G. Dry mop the floor to properly address the accumulation of wetness;

H. Rotate out the wet mats and replace them with dry mats;

I. Prevent the tracking, pooling, and accumulation of rainwater within the Premises;

J. Provide conspicuous signage to adequately warn patrons of the slippery condition created by the wet floor;

K. Train and supervise its employees and persons under its control to maintain a reasonably safe entryway floor and to warn customers, including the Plaintiff, of any hazardous conditions that they knew or should have known presented a risk of harm; and

L. Defendants further owed specific, statutory duties of care by virtue of its control over the Premises and business conducted thereon pursuant to LSA-CC Arts. 2316, 2317, 2320, La. R.S. 9:2800.6 and other applicable law.

IV.

On or about March 23, 2021, at approximately 1:00 p.m., the Plaintiff, Nakyra Westerfield, lawfully entered the Premises as a customer.

2



11/29/2021 12:27:28 CERTIFIED TRUE COPY - Pg:2 of 4 - Jefferson Parish Clerk of Court - ID:21158870

Exhibit C

V.

As Nakyra Westerfield entered the Premises, she suddenly encountered a dangerously wet floor, causing her to slip and fall. The water came from outdoor rain tracked inside, and pooled on the floor prior to Plaintiff's fall. The Defendant failed to place sufficient and appropriate dry mats at the entry way and failed to dry the floors and remove water, allowing water to create an unreasonably dangerous condition and foreseeable risk of harm. Further, Defendants failed to post signs to warn customers that the floor was wet. Due to the absence of signage or warning regarding the wet floor, the danger was not expected by the Plaintiff.

VI.

The Defendant had actual and/or constructive notice of the dangerous and slippery condition created by the wet floor, and the risk of harm to customers entering the store. The Defendant created this condition by failing to provide proper dry mats and/or dry the area and/or place caution signs or otherwise warn of the danger. It was in front of the counter where employees were stationed and could see the area. Moreover, the Defendant should have known of this condition, which persisted for an unreasonable length of time. A reasonable merchant, when it is raining outside during open business hours, would have placed wet-floor caution signs in conspicuous places to warn guests of the slippery condition on the floor, and would have dried the floor and provided adequately dry mats for customers to dry their shoes when entering the store. These Defendants failed to do so, resulting in a floor that was unreasonably slippery, which presented a foreseeable risk of harm to the Plaintiff.

VII.

The aforesaid incident occurred through no fault of Petitioner, Nakyra Westerfield, but rather, solely through the fault of the Defendants in breaching their duties to keep the Premises safe and free from hazards and defects, failing to warn Plaintiff of the hazard, failing to maintain the Premises in a reasonably safe condition, and failing to use due care under the circumstances, as enumerated above.

VIII.

As a result of the aforesaid fall, Nakyra Westerfield sustained injuries to her body and mind including, injuries to her right lower extremity, together with past and future mental


11/29/2021 12:27:28 CERTIFIED TRUE COPY - Pg:3 of 4 - Jefferson Parish Clerk of Court - ID:21158870

JON A. GEGENHEIMER

Exhibit C

anguish and physical suffering; past and future loss of enjoyment of life; past and future expenses for medical care; and loss of income and earning capacity, all of which entitles Plaintiff, Nakyra Westerfield, to recover from Defendants the damages as are reasonable in the premises.

IX.

Petitioner shows that her damages exceed $50,000 and there is a right to trial by jury.

WHEREFORE, Petitioner, Nakyra Westerfield, prays that Defendant, Racetrac Petroleum, Inc., be served with a certified copy of this petition, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Petitioner, Nakyra Westerfield, and against Defendant, Racetrac Petroleum, Inc., for damages as are reasonable in the premises; said judgment to bear legal interest from the date of judicial demand until paid and for all costs of these proceedings.

RESPECTFULLY SUBMITTED:
MORRIS BART, LLC
ATTORNEY FOR PLAINTIFF
601 POYDRAS STREET, 24TH FLOOR
NEW ORLEANS, LA 70130
TELEPHONE: (504) 525-8000
FACSIMILE: (800) 878-8937
E-MAIL: mhemmer@morrisbart.com

BY: _____
MATTHEW D. HEMMER, NO. LA34300
C. FAYE SHEETS, NO. LA 36672

**PLEASE SERVE:**

RACETRAC PETROLEUM, INC.
Through its Registered Agent:
Corporate Creations Louisiana LLC
3350 Ridgelake Drive, #200
Metairie, LA 70002

4



11/29/2021 12:27:28 CERTIFIED TRUE COPY - Pg:4 of 4 - Jefferson Parish Clerk of Court - ID:21158870

Exhibit C

525

## 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO. 823-100                                                                 DIVISION C

### NAKYRA WESTERFIELD
### VERSUS
### RACETRAC PETROLEUM, INC.

FILED:_____      _____
                                   DEPUTY CLERK

### REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO: RACETRAC PETROLEUM, INC.
WITH SERVICE OF THE PETITION FOR DAMAGES

### DEFINITIONS

1. "Person" includes any individual, corporation, partnership, group, association, governmental entity, or any other organization.

2. The terms "regarding" "relating to" and "concerning" shall be interpreted broadly, including both explicit and implicit reference, and meaning, without limitation, referring to, concerning, constituting, defining, discussing, containing, construing, embodying, reflecting, stating, dealing with, or prepared as a result of.

3. Use of the singular form shall be deemed to include the plural and vice versa. Use of either the masculine or feminine pronoun, except when referring to a named person, shall be deemed to include both genders.

4. "And" and "or" shall be constructed either disjunctively or conjunctively so as to permit the broadest possible scope.

5. "Document" means all writing or recordings of any kind in the form of pictures, letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostatt ing, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation, including but not limited to, all agreements, correspondence, records, ledgers, contracts, bills, invoices, bills of lading, inventories, financial data, memoranda, notes or other writing, formal or informal in nature, accounting and financial records, diaries, minutes,

 11/29/2021 12:27:28 CERTIFIED TRUE COPY - Pg:1 of 10 - Jefferson Parish Clerk of Court - ID:21158870

JON A. GEGENHEIMER

Exhibit C

agendas, publications, calendars, telephone pads, telephone logs, bulletins, directives, logs, listing, statements, telegrams, drafts, work papers, paper and magnetic tapes, computer disks and printouts, discs, electronically or magnetically stored information or data, microfiche, microfilm, charts, graphs, maps, schematics, videotapes, drawing, blueprints, topographical surveys and photographs, in your actual or constructive possession, custody or control or of which you have knowledge of the existence, and whether prepared, published or released by you or any other person or entity. Without limitation on the foregoing, the term "document" shall include any copy, which differs in any respect from the original or other versions of the document, such as copies containing notations, insertions, corrections, marginal notes, or any other variations.

6. "Communicate" or "communication" means every manner of disclosure or exchange, and every disclosure or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise.

7. "Identify" used in reference to a person means to state:

(a) The person's full name and present or last known address;

(b) the person's present or last known position and business affiliation; and

(c) the person's position and business affiliation at the time in question.

8. "Identify" used in reference to a communication means to state:

(a) its date;

(b) the place where it occurred;

( c) the type of communication (for example, telephone conversation, meeting, memorandum, photograph, etc.);

( d) its substance;

(e) the identity of the person who made it; and

(±) the identity of every person who received it.

9. "You," "your," and, "Defendant," shall mean the person to whom these requests are directed, along with all agents, employees, officers, owners, directors, managers, members, insureds, insurers, and any others acting on your behalf, or purporting to act on your behalf. It shall also include all third parties who are otherwise subject to your direction or control.

10. "Third party," means any and all persons other than Plaintiff, You, and any named

24th E-Filed: 11/23/2021 17:50 Case: 823100 Div:C Atty:034300 MATTHEW D HEMMER

Exhibit C

defendant.

11. "Premises" means the gas station and store commonly known as "RaceTrac" open to the general public located at 1625 Lafayette Street, Gretna, Louisiana 70053.

12. "Incident date," means on or about March 23, 2021, being the same date as the subject incident sued upon herein.

## REQUESTS FOR ADMISSIONS

Plaintiff, Nakyra Westerfield, hereby requests that You answer the following requests for admission, separately, fully, under oath, and in writing, within **thirty (30) days** after receipt hereof pursuant to the Louisiana Code of Civil Procedure. **Moreover, pursuant to Louisiana Code of Civil Procedure Article 1467, "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny."**

1.

Please admit that You controlled the Premises on the Incident Date.

2.

Please admit that there were no agreements with any Third Party to dry the floor and/or provide dry mats at the Premises on the Incident Date.

3.

Please admit that there were no agreements with any Third Party to place wet floor caution signs on the floor of the Premises on the Incident Date.

4.

Please admit that no Third Party contributed to or has fault regarding the wet floor and/or the lack of any caution signs at the Premises, and/or regarding the incident sued upon (note that for the purposes of this admission, Plaintiff would not be a third party and you are not precluded from alleging comparative fault by admitting to this request).



3

11/29/2021 12:27:28 CERTIFIED TRUE COPY - Pg:3 of 10 - Jefferson Parish Clerk of Court - ID:21158870

Exhibit C

## INTERROGATORIES

Plaintiff requests that the party to be questioned answer the following interrogatories, separately, fully, under oath and in writing, within thirty (30) days after receipt thereof: pursuant to the provisions of the Louisiana Code of Civil Procedure. Each interrogatory is deemed to be continuing and should be supplemented in the event additional information becomes known to you as per all Louisiana Law applicable hereto. **It is requested that the answers to these interrogatories be signed by the person making them and that the signature be notarized by an authorized officer.**

1.

If you deny any of the foregoing requests for admission, please identify all facts that support your denials; identify all communication related to such facts; identify all documents related to such facts; identify all persons with knowledge of such facts, communications, and documents.

2.

Please identity all employees at the Premises on the Incident date.

3.

Please identify all persons who communicated with, touched, or observed the Plaintiff at the Premises on the incident date, and for each, identify said communications, observations, or actions.

4.

Please identify all instances where any person slipped and fell at the Premises in the three years prior to the Incident Date and since the Incident Date.

5.

Please identify all persons, who from three years prior to the Incident date to the present, had responsibility for training and supervising Your employees on the detection and elimination of slipping and/or tripping hazards at the Premises.

6.

Please identify all persons who have provided mats to the Premises for five years prior to the incident date through to the present date, and identify the types of mats provided.



4

11/29/2021 12:27:28 CERTIFIED TRUE COPY - Pg:4 of 10 - Jefferson Parish Clerk of Court - ID:21158870

Exhibit C

7.

Please identify all safety procedures and policies that relate to maintaining a dry entryway floor of the Premises when it is raining outside, which were in effect on the incident date.

8.

Please identify all warning signs regarding the wet floor or the Premises on the Incident Date, identify the location of any such warning sign prior to the Plaintiff's fall.

9.

Please identify every step you took to preserve any video or surveillance footage, and any other evidence related to this incident, and all policies regarding video and evidence retention.

10.

Identify all persons known to or believed by you to have information or knowledge concerning any relevant facts involved in this litigation, and for each, identify all such facts.

11.

Identify all persons who have given any type of statement to you, or anyone acting in your behalf, in connection with the subject matter of this litigation.

12.

Identify all persons known to you at this time who you may or will call as a lay witness and/or an expert witness in this case.

13.

State how long you believe Plaintiff to have been at the Premises on the incident date prior to the incident sued upon herein.

14.

Identify every exhibit you plan to use at trial.

15.

Please identify every camera and recording device that was on the Premises on the incident date, and for each, identify all information captured by the same on the incident date relating to the parties and matters at issue in this litigation.



24th E-Filed: 11/23/2021 17:50 Case: 823100 Div:C Atty:034300 MATTHEW D HEMMER

Exhibit C

16.

Please identify all policies and procedures regarding inspection of the floors and/or the use of wet floor signs at the Premises, in effect on the incident date, and identify the persons responsible for implementing the same on the Incident date.

17.

Please identify all polices for managing and supervising employees in effect on the incident date.

18.

State the following with regard to any and all policies of insurance (both primary and excess) which were in full force and effect at the time of the incident sued on herein, purporting to insure You and/or your employees and/or the Premises on the Incident Date:

    a. the name of the insurance company or companies issuing said policy or policies;

    b. the limits of coverage of each such policy or policies;

    c. the effective dates of such policies;

    d. the nature of any exclusions which may be relevant to this incident; and

    e. all policy numbers.

19.

Please identify all persons with responsibility for ensuring the floors of the Premises were dry on the Incident Date, and for each, identify their responsibilities and everything done in furtherance of drying the floors and preventing water accumulation.

20.

Identify all agreements with any Third Party regarding cleaning, mopping, entryways, mats, operation, maintenance, management and/or control of the Premises.

21.

Do you contend that Plaintiffs alleged injuries were caused or contributed to by any prior injuries, accidents, or events? If so, please identify all such injuries and events, identify all persons with knowledge of such facts, and identify all medical providers that rendered treatment in connection with such conditions.

24th E-Filed: 11/23/2021 17:50 Case: 823100 Div:C Atty:034300 MATTHEW D HEMMER



6

11/29/2021 12:27:28 CERTIFIED TRUE COPY - Pg:6 of 10 - Jefferson Parish Clerk of Court - ID:21158870

Exhibit C

22.

Do you contend that Plaintiff's alleged injuries were caused or contributed to by any Third Party? If so, please identify all such injuries and events, identify all persons with knowledge of such facts, and identify all communications and documents regarding the same.

23.

Identify all persons who have conducted any surveillance on Plaintiff at any time, all compensation paid to that person, all communications with that person, and all surveillance obtained.

24.

Identify all steps taken by You to investigate this incident.

25.

Identify all documents, logs, and/or communications, that relate to any policies in effect on the Incident date for preventing slip and fall accidents when it is raining outside, including without limitation any policies directing employees to place mats and/or signs at or near the entryway.

26.

Identify all steps taken to remove water from the floor of the Premises on the Incident Date before the fall occurred.

## REQUESTS FOR PRODUCTION

Pursuant to Article 1461 et seq. of the Louisiana Code of Civil Procedure, Plaintiff requests Defendants to respond within **thirty (30)** days of service of this. Plaintiff's Request for Production of Documents and to produce the following for inspection, copying and/or photographing at the office of undersigned counsel for Plaintiff. The same definitions set forth above, whether in the Definition section or elsewhere, shall maintain their same meaning below:

1.

All documents identified in your responses to the Interrogatories above.

2.

All communications identified in your responses to the Interrogatories above.

3.



7

11/29/2021 12:27:28 CERTIFIED TRUE COPY - Pg:7 of 10 - Jefferson Parish Clerk of Court - ID:21158870

24th E-Filed: 11/23/2021 17:50 Case: 823100 Div:C Atty:034300 MATTHEW D HEMMER

Exhibit C

Any and all accident and/or incident reports related to the subject incident, whether prepared by law enforcement, You, or any Third Party, in complete and unredacted form.

4.

Any written or recorded statements of any witnesses taken in the regular course of business.

5.

Any written or recorded statements made by the Plaintiff.

6.

Any and all expert reports which you have obtained from any expert and if a report has not been prepared, the preparation of a report is hereby requested.

7.

Any index reports on the Plaintiff showing involvement in any prior or subsequent claims and/or litigation resulting in payment by an insurance company.

8.

Any and all medical and hospital records and reports relating to the Plaintiff and/or the injury suffered in this incident.

9.

Any photographs, movie films or video tapes you have or have access to, depicting the Premises on the incident date and during any time thereafter which relates to the subject matter of this litigation.

10.

Any logs, notes, or records regarding the cleaning of the Premises and/or the mopping of the floor of the Premises, on the Incident Date.

11.

Any photographs, movie films or video tapes you have or have access to, of the Plaintiff at any time.

12.

A certified copy of any and all policies of insurance, including declarations, that could afford coverage to Plaintiff's claim as a result of this incident.

13.



8

11/29/2021 12:27:28 CERTIFIED TRUE COPY - Pg:8 of 10 - Jefferson Parish Clerk of Court - ID:21158870

24th E-Filed: 11/23/2021 17:50 Case: 823100 Div:C Atty:034300 MATTHEW D HEMMER

Exhibit C

All documents relating to injuries suffered by any person at the Premises at any time.

14.

Copies of all documents or writings and any other evidence which you intend to introduce into evidence or use at the trial of this case.

15.

All documents relating to every insurance claim, customer complaint, lawsuit, settlement, and compromise relating to injuries suffered at the Premises by any person, at any time, whether before or after the incident date, and even if the Premises was operated under a different name, with a different business, or by another entity.

16.

Copies of any and all reports of any investigators or other persons concerning surveillance conducted on Plaintiff at any time.

17.

Copies of any and all bills submitted by any investigators or other persons for surveillance conducted on plaintiff(s) at any time.

18.

Copies of any and all payments made to any investigators or other persons for surveillance conducted on Plaintiff at any time.

19.

All documents to or from any person or insurer regarding safety policies pertaining to the prevention of slip and falls.

20.

Any communications to any doctor, medical practitioner, health care provider, chiropractor or medical facility from Defendants' or Defendants' counsel.

22.

All documents to or from any person or insurer regarding safety policies to maintain a dry floor inside of the Premises, and/or to address water intrusion when it is raining outside.



9

11/29/2021 12:27:28 CERTIFIED TRUE COPY - Pg:9 of 10 - Jefferson Parish Clerk of Court - ID:21158870

24th E-Filed: 11/23/2021 17:50 Case: 823100 Div:C Atty:034300 MATTHEW D HEMMER

Exhibit C

23.

All documents to or from any person or insurer regarding safety policies pertaining to the use of wet floor signs.

>    RESPECTFULLY SUBMITTED:
>    MORRIS BART, LLC
>    ATTORNEY FOR PLAINTIFF
>    601 POYDRAS STREET, 24TH FLOOR[!][!]NEW
>    ORLEANS, LA 70130
>    TELEPHONE: (504) 525-8000
>    FACSIMILE: (800) 878-8937
>    E-MAIL: mhemmer@morrisbart.com
>
>    BY: _____
>    MATTHEW D. HEMMER, NO. LA34300
>    C. FAYE SHEETS, NO. LA 36672

24th E-Filed: 11/23/2021 17:50 Case: 823100 Div:C Atty:034300 MATTHEW D HEMMER



December 03, 2021

Exhibit C