## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**NAKYRA WESTERFIELD**                                    **CIVIL ACTION**

**VERSUS**                                                **NO: 21-2403**

**RACETRAC PETROLEUM, INC.**                              **SECTION: "H"**

### ORDER AND REASONS

Before the Court is Plaintiff Nakyra Westerfield's Motion to Remand (Doc. 7). For the following reasons, this Motion is **GRANTED.**

### BACKGROUND

In March 2021, Plaintiff Nakyra Westerfield allegedly slipped and fell on the wet floor at a Racetrac gas station in Gretna, Louisiana. Plaintiff avers that Defendant Racetrac Petroleum, Inc. negligently maintained the premises of its gas station, causing Plaintiff to slip and injure herself. In November 2021, Plaintiff filed suit against Defendant in the 24th Judicial District Court for the Parish of Jefferson. Plaintiff sought a handful of general damages for injury to her "right lower extremity"—later clarified as her knee—as well as special damages like medical expenses, lost income, and lost earning capacity.[1] Plaintiff claimed damages in excess of $50,000 and requested a jury trial.

---

[1] Doc. 1-2, ¶ VIII.

1

Defendant timely filed a Notice of Removal to this Court, alleging diversity jurisdiction. Attached to the Notice was an affidavit from Defendant's counsel stating that he spoke on the phone with Plaintiff's counsel, who said that Plaintiff had "significant injuries to her knee," that "Dr. Phillips with Kenner Orthopedics recommended [Plaintiff] undergo knee surgery," and that "[Plaintiff's] alleged wage loss claim was significant."[2] Defense counsel also stated that his request to enter a stipulation that Plaintiff's damages did not exceed $75,000 was denied.[3]

Now before the Court is Plaintiff's Motion to Remand. Plaintiff argues that Defendant's affidavit does not provide sufficient facts to carry its burden of proving that the amount in controversy is over $75,000. Defendant opposes.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[4] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[5] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[6] District courts must "strictly construe" the removal statute,

---

[2] Doc. 1-3 at 1.

[3] *Id.* at 1–2.

[4] 28 U.S.C. § 1441.

[5] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).

[6] Pullman v. Jenkins, 305 U.S. 534, 537 (1939); *Manguno*, 276 F.3d at 723; *see also* Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995) (explaining why courts

"and any doubt about the propriety of removal must be resolved in favor of remand."[7] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[8]

## LAW AND ANALYSIS

District courts have original jurisdiction over all civil actions between citizens of different states in which the matter in controversy exceeds $75,000.[9] If removal is sought on the basis of diversity, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[10] Louisiana law, however, requires that a plaintiff include "[n]o specific monetary amount of damages" in a prayer for relief.[11] In that case, removal is proper if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[12]

A defendant attempting removal may demonstrate the amount in controversy to the district court by either "(1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000 or (2) setting forth 'summary judgment type evidence' of facts in controversy that support a

---

should determine removability in diversity cases based on the allegations known at the time of removal).

[7] Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281–82 (5th Cir. 2007).

[8] 28 U.S.C. § 1447(c).

[9] *See* 28 U.S.C. § 1332(a)(1).

[10] *Id.* § 1446(c)(2).

[11] LA. CODE CIV. PROC. art. 893.

[12] *See* Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); *see also* De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).

finding of the jurisdictional amount."[13] Here, both parties agree it is not facially apparent from Plaintiff's Petition that her damages exceed $75,000.[14] Accordingly, the Court turns to Defendant's summary judgment type evidence.

"If the amount is not facially apparent, 'a removing attorney may support federal jurisdiction by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"[15] Defendant argues that the following facts from its affidavit establish the requisite amount in controversy: (1) counsel for Plaintiff advised that she sustained significant injuries to her knee; (2) counsel for Plaintiff advised that Dr. Phillips with Kenner Orthopedics recommended Plaintiff for knee surgery; (3) counsel for Plaintiff advised that her wage loss claim was "significant"; and (4) counsel for Plaintiff refused to stipulate to damages equal to or less than $75,000.[16]

With these statements from the affidavit and nothing more, Defendant fails to carry its burden as the removing party. The characterization of Plaintiff's knee injury and lost wage claim as "significant" is vague and conclusory. "Removal, however, cannot be based simply upon conclusory allegations."[17] Further, "[a]ny ambiguities are construed against removal

---

[13] Kliebert v. DG La., LLC, No. 16-2353, 2016 WL 1598608, at *2 (E.D. La. Apr. 20, 2016) (quoting *Manguno*, 276 F.3d at 723).

[14] *See* Doc. 1, ¶ 11 ("In this case, it is not facially apparent from the Petition that the amount in controversy exceeds the $75,000 diversity jurisdiction threshold.").

[15] Knowles Pub. v. Am. Motorists Ins. Co., No. 00-10561, 2001 WL 85914, at *2 (5th Cir. 2001) (quoting Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

[16] *See* Doc. 1-3.

[17] *Allen*, 63 F.3d at 1335.

because the removal statute should be strictly construed in favor of remand."[18] Defense counsel's statement as to Plaintiff being recommended for surgery is similarly deficient, giving no indication of the nature or extent of surgery. Finally, "the refusal to stipulate is only one factor to consider in determining whether a removing party has met its burden, the weight of which is questionable when it comes after removal."[19]

Setting aside Defendant's vague, conclusory statements, the Court is left with the following evidence of the amount in controversy: a Petition seeking damages of at least $50,000 for a knee injury and a refusal to stipulate to damages equal to or less than $75,000. Plaintiff was apparently recommended for some kind of surgery, but for all the Court knows the cost of that procedure may be included in the $50,000 figure, as could the "significant" lost wage claim. Even assuming the surgery and lost wages are not so included, there is no evidence that together they would equal more than $25,000 on top of the $50,000 figure, as required. While the total damages certainly *could* add up to enough, Defendant bears the burden of proving the requisite amount in controversy by a preponderance of the evidence. Defendant has not carried that burden.

## CONCLUSION

For the foregoing reasons, the Motion to Remand (Doc. 7) is **GRANTED**.

---

[18] *Manguno*, 276 F.3d at 723 (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir.2000)).
[19] Trahan v. Drury Hotels Co., No. 11-521, 2011 WL 2470982, at *5 (E.D. La. June 20, 2011) (citations omitted).

**IT IS ORDERED** that this case is hereby **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson for further proceedings.

New Orleans, Louisiana this 13th day of July, 2022.

**JANE TRICHE MILAZZO**

**UNITED STATES DISTRICT JUDGE**